**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

CHRISTOPHER CLEVELAND, )
)
Plaintiff, )
)
-vs- ) Case No. CIV-12-86-F
)
KAMERRON HAVANEK, )
Warden, )
)
Defendant. )

**ORDER**

This 28 U.S.C. § 2254 action for habeas corpus relief, brought by a state prisoner proceeding *pro se*, was referred to United States Magistrate Judge Robert E. Bacharach in accordance with 28 U.S.C. § 636. Magistrate Judge Bacharach issued a Report and Recommendation on September 21, 2012, wherein he recommended that petitioner's habeas petition be denied. Magistrate Judge Bacharach advised petitioner that he must file an objection with the court clerk by October 8, 2012 and that failure to timely object would foreclose appellate review of the suggested ruling.

Petitioner has not filed a specific written objection to the Report and Recommendation. Instead, on October 9, 2012, petitioner filed three affidavits and excerpts of transcript from jury trial proceedings held August 25, 2008 through September 2, 2008. None of this evidence was presented to Magistrate Judge Bacharach. When reviewing written objections to a Report and Recommendation, section 636(b)(1) provides that "[t]he [district court] judge may . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Tenth Circuit has stated that "[t]he decision whether to accept

further evidence after the magistrate judge's recommendation is within the district court judge's discretion." Gonzales v. Qwest Communications Corp., 160 Fed.Appx. 688, 2005 WL 3388539, *1 (10th Cir. Dec. 13, 2005).[1] Exercising its discretion, the court declines to consider the new evidence. Petitioner has not shown that he was not able with due diligence to obtain the affidavits and transcript excerpts prior to the issuance of Magistrate Judge Bacharach's Report and Recommendation. It appears to the court that this evidence was available to petitioner at the time he filed his submissions relating to the habeas petition. As the court declines to consider the new evidence and petitioner has filed no specific written objection to the Report and Recommendation, the court accepts, adopts and affirms the Report and Recommendation in its entirety.

On October 15, 2012, petitioner filed a motion for leave to supplement his habeas petition. Respondent has not responded to petitioner's motion within the time prescribed by LCvR 7.1(g). Upon review, however, the court concludes that a response is not required. A petitioner may amend or supplement his § 2254 habeas petition "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242, *see also*, Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. The court need not decide whether petitioner's motion is one to supplement the petition or one to amend the petition. *See*, Rule 15(d), Fed. R. Civ. P. ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out *any transaction, occurrence, or event that happened after the date of the pleading to be supplemented*.") (emphasis added). As a general matter, "the standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to

[1] Unpublished decision cited as persuasive under 10th Cir. 32.1(A).

amend." Fowler v. Hodge, 94 Fed. Appx. 710, 2004 WL 618070, *4 (10th Cir. March 30, 2004) (quotation omitted).[2]

Under Rule 15(a)(2), Fed. R. Civ. P., "[t]he court should freely give leave [to amend] when justice so requires." *See*, Rule 15(a)(2), Fed. R. Civ. P. However, leave to amend may be denied on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Duncan v. Manager, Dept. of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotation omitted). In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend. *Id*.; U.S. v. Burbage, 280 Fed. Appx. 777, 783, 2008 WL 23322137, *5 (10th Cir. June 9, 2008).[3]

In this case, the court concludes that petitioner's motion is untimely. According to the materials submitted by petitioner, the Oklahoma Court of Criminal Appeals declined jurisdiction and dismissed petitioner's request for extraordinary relief on May 11, 2012. At the time of the appellate decision, petitioner knew his § 2254 habeas petition was fully briefed and awaiting decision by Magistrate Judge Bacharach. As of August 29, 2012, petitioner also knew that Magistrate Judge Bacharach was reviewing the matter because he entered an order advising the parties that he was considering the possibility of giving judicial notice to a document and sought the parties' objections if any by September 13, 2012. Petitioner clearly had sufficient time before Magistrate Judge Bacharach issued a Report and Recommendation on the § 2254 habeas petition to file his motion seeking to amend or supplement his petition to add his claims. Moreover, petitioner has not offered any

---

[2] Unpublished decision cited as persuasive under 10th Cir. 32.1(A).

[3] Unpublished decision cited as persuasive under 10th Cir. 32.1(A).

reason for his delay. The court therefore concludes that petitioner's motion should be denied.

An appeal may not be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Petitioner is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Petitioner has not made the requisite showing. The court therefore concludes that a certificate of appealability should be denied.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Robert E. Bacharach (doc. no. 24) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody is **DENIED**. Petitioner's Motion for Leave to Supplement Petition for Writ of Habeas Corpus (doc. no. 26) is **DENIED**. A certificate of appealability is **DENIED**.

DATED November 8, 2012.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0086p001.wpd