**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

CHRISTOPHER CLEVELAND,           )
                                 )
                    Petitioner,  )
-vs-                             )           Case No. CIV-12-86-F
                                 )
KAMERRON HAVANEK,               )
Warden,                         )
                                 )
                   Respondent.   )

## ORDER

        This 28 U.S.C. § 2254 action for habeas corpus relief, brought by a state prisoner proceeding *pro se*, was referred to former United States Magistrate Judge Robert E. Bacharach,[1] in accordance with 28 U.S.C. § 636. Magistrate Judge Bacharach issued a Report and Recommendation on September 21, 2012 (doc. no. 24), recommending that petitioner's habeas petition be denied.

        Petitioner has filed a specific written objection to the Report and Recommendation. *See*, doc. no. 43. With his objection, petitioner has filed three affidavits and excerpts of transcript from jury trial proceedings held August 25, 2008 through September 2, 2008. None of this evidence was presented prior to issuance of the Report and Recommendation. When reviewing a written objection to a Report and Recommendation, section 636(b)(1) provides that "[t]he [district court] judge may . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Tenth Circuit has stated that "[t]he decision whether to accept further evidence after the magistrate judge's recommendation is

---

        [1] Judge Robert E. Bacharach has recently been appointed to serve as a Circuit Judge on the Tenth Circuit Court of Appeals.

within the district court judge's discretion." <u>Gonzales v. Qwest Communications</u> <u>Corp.</u>, 160 Fed.Appx. 688, 2005 WL 3388539, *1 (10th Cir. Dec. 13, 2005).[2] Exercising its discretion, the court declines to consider the new evidence.  Petitioner has not demonstrated that he could not, with due diligence, have obtained the affidavits and transcript excerpts prior to the issuance of the Report and Recommendation.  Although petitioner is in prison and has to rely on others to assist in obtaining evidence for him, there has been no showing that there was not enough time to gather this evidence or that petitioner was denied the opportunity to obtain the evidence prior to a ruling on his habeas petition.  It was only after receiving the Report and Recommendation which recommended a denial of the habeas petition that petitioner determined that he needed the new evidence.  Because the new evidence was available to petitioner at the time he filed his submissions relating to the habeas petition, the court declines to consider the new evidence in ruling on petitioner's objection.

In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of petitioner's objection without the new evidence.  Having done so, the court concurs with the analysis in the Report and Recommendation relating to each of petitioner's five grounds for relief.  The court finds petitioner's arguments to be without merit.  The court agrees that petitioner's habeas petition should be denied. Therefore, the court accepts, adopts and affirms the Report and Recommendation.

An appeal may not be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a certificate of appealability.   28 U.S.C. § 2253(c)(1)(A).  Petitioner is entitled to a certificate of appealability only upon

---

[2] Unpublished decision cited as persuasive under 10th Cir. 32.1(A).

making a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal.  *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'").  "Where a district  court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id*.  When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*.

Petitioner has not made the requisite showing.  The court thus finds that a certificate of appealability should be denied.

Accordingly, the Report and Recommendation issued on September 21, 2012 (doc. no. 24) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**.  Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is **DENIED**.  A certificate of appealability is **DENIED**.

DATED April 1, 2013.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0086p007.wpd

3